| | |
|---|---|
| **RAY WHITTEMORE ET AL.,** | **CIVIL ACTION** |
| **VERSUS** | **NO:   06-8997** |
| **BOIS D'ARC ENERGY, INC., ET AL.,** | **SECTION: "C" (2)** |

## ORDER AND REASONS

At the end of trial testimony on January 23, 2009, defendants orally made two motions. First, defendants sought to exclude the hearsay testimony of Dr. Lilly by Dr. Gorman and to strike the testimony of Dr. Lilly that was beyond the scope of his submitted expert report.  Second, defendants sought a directed verdict on the issue of nursing and lifelong care based on the lack of medical evidence or testimony supporting such an award.   The motions were taken under submission.  Based on the record in this case, the testimony and exhibits at trial, and the law, the Court DENIES defendant's motion regarding hearsay testimony by Dr. Gorman and Dr. Lilly's trial testimony as beyond the scope of his report.  In addition, the Court requests further briefing on the question of the medical evidence with regard to a damage award of nursing or lifelong care.


### 1. Scope of Dr. Lilly and Dr. Gorman's testimony

The basic purpose of Federal Rule of Civil Procedure 26(a)(2)(B), which requires an expert report "to contain a complete statement of all opinions to be expressed and the basis and reasons therefor," is to prevent unfair surprise with respect to the expert's testimony. *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir.1994) (basic purpose of Rule 26 is "preventing prejudice

and surprise").  During direct examination, Dr. Lilly testified to the possibility of lifelong care in a residential facility.  Lilly Tr. 34.  Defendants failed to contemporaneously object that Dr. Lilly's testimony was beyond the scope of his expert report.  *See* Fed. R. Evid. 103(a)(1)(noting requirement of timely objection or motion to strike); *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 696-697, 699 (5th Cir. 2001)(failure to object contemporaneously waives error on appeal).   Nor in defendants' lengthy cross-examination of Dr. Lilly, did they challenge the scope of his testimony on direct as being beyond his report.  In fact, during cross-examination, the defendants noted that Dr. Lilly recommended "in-patient" care.  Lilly Tr. 50, 59.     Indeed, defendants' first objection to Dr. Lilly's testimony was several hours later, after the testimony of three additional plaintiff witnesses.  Last, defendants had notice that plaintiffs claimed lifelong residential treatment.  In March 2008, Dr. Gorman, plaintiff's expert on vocational rehabilitation and lifecare planning, included the provision of lifelong residential treatment in Option 2 of his lifecare plan for Ray Whittemore.  Defendant had the opportunity to depose Dr. Gorman but elected not to.  Based on the prior notice to defendants approximately eight months prior to trial as to the substance of the claim and the lack of a contemporaneous objection at trial, the Court is not convinced that defendants were prejudiced or surprised.  *See also Michelone v. Desmarais*, 25 Fed.Appx. 155, 158, (4th Cir. 2002) (noting that prejudice depends on whether the "expert testimony was unexpected and left the other party without adequate opportunity to prepare for it.").   Accordingly, the Court will consider Dr. Lilly's full testimony in determining the merits of this case.

Defendants also failed to contemporaneously object to Dr. Gorman's testimony of his conversations with Dr. Lilly.  Given that defendants had prior notice of the claim and failed to timely object, the Court finds that any error resulting from Dr. Gorman's testimony is harmless.

Accordingly, the Court will consider Dr. Gorman's full testimony in determining the merits of this case.

**2.      Medical Evidence Regarding Nursing or Lifelong Care**

This is a much closer question, which  would have a large impact on plaintiffs' damages award, if any, that may be determined by the Court.  The Court requests additional briefing on the medical evidence in the record regarding nursing or lifelong care.  Such briefing shall be completed as part of the parties' post-trial memoranda.

Accordingly,

IT IS ORDERED that defendants' oral motion to exclude the hearsay testimony of Dr. Lilly by Dr. Gorman and to strike the testimony of Dr. Lilly that is beyond the scope of his submitted expert report is DENIED;

IT IS FURTHER ORDERED that defendants' shall provide additional briefing on the medical evidence in the record regarding nursing or lifelong care;

IT IS FURTHER ORDERED that the deadline for filing post-trial memoranda is hereby extended until Wednesday, February 18, 2009 at 4:30 p.m.

New Orleans, Louisiana, this 9th day of February, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**